No. 41,518

Katherine N. Hunter, *Appellant,* v. Phillip Brand, *Appellee.*

(350 P. 2d 805)

Opinion filed April 9, 1960.

*John M. Wall,* of Sedan, argued the cause, and *Wayne Loughridge,* of Garnett, was with him on the briefs for the appellant.

*John B. Pierson,* of Ottawa, argued the cause, and *Clark Howerton.* of Garnett, was with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was an action to recover damages for personal injuries sustained in an automobile collision. Plaintiff (appellant), Katherine N. Hunter, was riding in the front seat of a station wagon owned and being driven by her husband, Walter E. Hunter, when a pickup truck driven by defendant (appellee), Phillip Brand, collided with the vehicle, injuring plaintiff. The jury returned a general verdict for defendant. From the trial court's order overruling plaintiff's motion for a new trial and her motion to set aside the answers to the special questions, plaintiff appeals.

The pertinent portions of the petition needed to answer the determinative question involved herein follow: At dusk on the day in question, plaintiff was a passenger in the front seat of a station

wagon owned and being driven by her husband, which was traveling in a southwesterly direction on U. S. highway No. 169, when she observed a pickup truck driven by defendant traveling in the same direction in front of them. There was no one approaching from the other direction and plaintiff's husband began sounding the horn and pulled to the left to pass the truck. When the station wagon was almost even with the truck, the latter suddenly and without any warning or signal whatsoever turned to the left, striking the right rear side of the station wagon, which skidded to the left and off the embankment on the southeast side of the highway, overturning several times, with the result that plaintiff was thrown from the vehicle and suffered serious injuries, which were alleged to have been caused by the specific acts of negligence on the part of defendant.

The defendant, in his answer, denied any negligence on his part and alleged that the plaintiff's injuries, if any, were occasioned by her husband's negligence, which was the sole cause of the collision and the resultant damage; that the plaintiff and her husband were engaged at the time of the accident in a "joint mission" for the benefit of both, and that plaintiff had an equal opportunity to suggest and direct the operation of the station wagon. The plaintiff replied by way of a general denial.

The evidence, according to the record, discloses that plaintiff and her husband resided on a farm near Sedan; that plaintiff's husband operated a cattle ranch and the station wagon in question was owned by a partnership composed of Mr. Hunter and his father as operators of the Heart Cattle Company; that plaintiff's husband had made a business trip to St. Joseph, Missouri, and plaintiff had accompanied him; that on January 13, the day in question, plaintiff and her husband were returning home from St. Joseph by way of Kansas City and, about 5:45 p. m., as they were traveling southwest on U. S. highway No. 169 near Garnett they approached defendant's pickup truck traveling in the same direction. The truck had no lights on and defendant gave no signal of any kind to indicate his intention to turn; the highway ahead was clear and Hunter sounded his horn and proceeded to go around defendant's truck. As he did so, defendant turned left into the right side of the vehicle in which plaintiff was riding, causing it to turn over and roll down the highway embankment. Plaintiff was thrown from the car and sustained severe personal injuries, and her luggage, consisting of her personal effects, was damaged.

State highway patrolman Jensen testified that after the accident he had a conversation with defendant wherein he stated that "he was going down the road and looked in the rear vision mirror, . . . and he was going to make a lefthand turn," and that defendant further stated he gave no signal to make a lefthand turn.

Defendant's testimony consisted of his statements that his vehicle was equipped with a side rear-view mirror and he could see to the rear; that he looked and then made a lefthand turn; that as he was making a lefthand turn and was almost off the road he heard brakes screeching and "one heck of a big slam or noise"; that he "heard brakes then the next thing the accident happened."

The evidence with regard to plaintiff's injuries and the damage to her personal effects is not abstracted, inasmuch as it is unnecessary in determining the questions presented here.

At the conclusion of the evidence, plaintiff, in writing, requested the trial court to instruct the jury that there had been no evidence introduced in the case to show a joint mission, joint adventure or joint enterprise and that if it found Walter E. Hunter negligent, such negligence could not be imputed to plaintiff. The court refused the requested instruction and, among other instructions, gave instruction No. 10, which purportedly defined joint adventure or enterprise, and instructed the jury that if it found that plaintiff and Hunter at the time of the collision were engaged in a joint enterprise or adventure, as therein defined, and the negligence of Hunter, the driver, contributed to the plaintiff's injuries, then plaintiff could not recover.

The jury returned a general verdict for defendant and, in response to the first two special questions submitted to it, found that plaintiff and her husband were engaged in a "joint venture or enterprise" at the time of the collision and that the "joint venture or enterprise" was going home together. Plaintiff moved to set aside the answers to the special questions, and for a new trial. From an order overruling both motions, plaintiff appeals.

Plaintiff first contends that the trial court erred in refusing to give her requested instruction and in giving instruction No. 10 and submitting the special questions on joint enterprise to the jury on the ground that there was no evidence in the record to justify giving such instruction or submitting the special questions thereon.

Joint enterprise has been defined many times by this court.

Our latest cases dealing with the subject are *Schmid v. Eslick*, 181 Kan. 997, 317 P. 2d 459, and *Kendrick v. Atchison, T. & S. F. Rld. Co.*, 182 Kan. 249, 320 P. 2d 1061, wherein many of our cases on the subject are collected, discussed and analyzed. No useful purpose would be gained by reiterating what has been so well said therein.

In short, a joint enterprise is an undertaking to carry out an act or objective entered into by associates under such circumstances that each has an equal voice in directing the conduct of the enterprise. The law then considers that each is the agent of the other, and the act of any one within the scope of the enterprise may be charged against the other. Generally, the negligence of the driver of an automobile is imputable to a passenger only where the driver is the agent or servant of the passenger at the time of the negligent act and the act is committed in the scope of the agent's or passenger's employment, or when the driver and the passenger are business partners or are engaged in a joint enterprise and the operation of the vehicle is in the furtherance of the business. The basis of joint adventure is agency, but not every case of agency is joint adventure. (*Angell v. Hester*, 186 Kan. 43, 46, 47, 348 P. 2d 1050.)

To constitute a joint enterprise between a passenger and a driver of an automobile, there must be a common purpose for which they jointly use and occupy the motor vehicle so as to give each the equal privilege and right to control and manage its operation. There must be equal responsibility for the negligent operation of the vehicle, and there can be no equal responsibility unless there is an equal right to control. The mere association of persons riding together in an automobile having a common purpose in making a trip and a common destination at the journey's end does not in itself give to each the equal right to control the method and means of operating the vehicle so as to constitute a joint enterprise, notwithstanding that the driver may take a particular route at the request and for the pleasure and convenience of one of the persons. More than that is required. This court has said that the doctrine of imputable negligence except when countenanced by statute is a fiction of the law which finds small favor with the courts. It cannot be said that one who merely secures from another the favor of transportation in a private vehicle takes upon himself all the risk of the driver's negligence *en route*. (*Schmid*

*v. Eslick,* supra; *Kendrick v. Atchison, T. & S. F. Rld. Co.,* supra.)

Where trials are by jury, it is the sole province of the court to decide questions of law as distinguished from questions of fact. In the performance of that duty, it is incumbent upon the court to instruct the jury on the law applicable to the theories of both parties, insofar as such theories are supported by competent evidence. The instructions must be limited to those issues supported by some evidence. Where no evidence is presented or the evidence is undisputed and is such that reasonable minds cannot accept it as sufficient to establish the existence of a fact, it becomes the duty of the court to remove the issue from the jury. In that event, the issue becomes a question of law for the court's determination. (*Schmid v. Eslick,* supra, p. 1004, and cases cited therein.)

We have minutely examined the record in the instant case and find no evidence or circumstance which justifies the trial court's instruction on joint adventure or its submission to the jury of the special questions on that issue. When standing alone, the mere fact that plaintiff was returning home with her luggage was not sufficient evidence upon which the court could base its given instruction. Nothing in the record in the instant case discloses that plaintiff was in any manner engaged in the furtherance of her husband's business. It is apparent from the answers to the special questions that the jury was misled by the instruction given, which we feel was prejudicial and prevented the plaintiff from having a fair trial. Obviously what has been said requires a reversal of this case and the sustaining of plaintiff's motion for a new trial, which will not only set aside the verdict but the answers to all special questions, as well. It follows that the judgment is reversed, under the authority of *Schmid v. Eslick,* supra, and *Kendrick v. Atchison, T. & S. F. Rld. Co.,* supra, with directions to the trial court to set aside its judgment and grant plaintiff a new trial.

It is so ordered.