No. 46,552

C. Kirk Scott, *Appellant,* v. Leon L. McGaugh, *Appellee.*

(506 P. 2d 1155)

Opinion filed March 3, 1973.

*Otto J. Koerner,* of Koerner & Carnahan, of Wichita, argued the cause, and *Calvin McMillan,* of Kaplan, McMillan & Anderson, of Wichita, was with him on the brief for the appellant.

*Jerry G. Elliott,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause, and *Mikel L. Stout,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This action was brought by C. Kirk Scott, a passenger in a vehicle owned and operated by Dennis McClure, for personal injuries sustained by him in a collision between the Mc-Clure vehicle and a vehicle driven by the defendant, Leon L. McGaugh. Scott appeals from a judgment in favor of the defendant McGaugh entered on a jury verdict.

During the trial in the court below the judge ruled as a matter of law the plaintiff and his driver were engaged in a joint venture at the time of the collision, and the jury was instructed that the negligence of the driver, if any, was imputable to the plaintiff passenger. The questioned instruction reads as follows:

"No. 18

"The Court finds that as a matter of law the plaintiff and his driver, Dennis McClure, were engaged in a joint venture at the time of this collision so that any negligence on the part of the driver, Dennis McClure, is imputed to the plaintiff, C. Kirk Scott."

The appellant Scott contends the evidence at the trial conclusively showed that the relationship and understanding between the driver (McClure) and the passenger (Scott) was insufficient in law to impose vicarious liability on Scott for the negligence, if any, of the driver. He contends the relationship and understanding of the

parties did not result in a joint venture with the requisite mutual right of control over the vehicle being used at the time of the accident.

Before discussing the law, evidentiary facts of the case bearing upon the relationship and understanding of McClure and Scott will be detailed. These facts were uncontroverted.

Prior to and at the time of the accident in question the Equitable Life Insurance Company in Wichita had employed several trainee salesmen. These trainee salesmen were employed on a salary plus a commission basis. They were required to furnish their own transportation in calling on prospects for insurance. They were not compensated by the company for the use of their personal cars. A list of insurance prospects was available at the company office in Wichita. These prospects were obtained from the "Welcome Wagon" list of newcomers in the city. The company encouraged the trainee salesmen to work in pairs. When two trainees participated in making a sale of insurance the usual commission to be earned was credited one half to each trainee. The company kept the records on these sales.

McClure and Scott were trainee salesmen employed by Equitable. They had previously joined forces in calling on insurance prospects. In some instances Scott had driven his car and in other instances McClure drove his car. They were not compensated by the company or by other trainees for the use of their personal cars. Each took turns driving his own car so he would not be "freeloading" on the other trainees. McClure and Scott did not always work together, both had worked with other trainees.

On the morning of the accident Scott and McClure arrived at the company office in their own separate cars. They looked over the list of prospects together and decided to join forces that day in making certain calls on prospects. One prospect chosen had been previously approached by McClure and Scott as a team. When McClure and Scott left the office McClure's car was parked nearby so they took McClure's car at his suggestion. McClure drove, and on the way to the home of their mutual prospect the collision occurred. McClure's car collided with a car driven by the defendant McGaugh in an open intersection in a residential district in Wichita. Further details of the collision are unnecessary to determine this question presented on appeal.

We will assume for the purpose of examining the question that

both drivers were negligent in some particular and that their concurrent acts of negligence were a direct cause of the collision.

Now, as a preliminary matter, let us consider what is generally considered to amount to contributory negligence by a passenger. In the absence of vicarious responsibility (imputed contributory negligence) a passenger in an automobile is required to use reasonable care for his own safety.

No exact yardstick can be provided for cases of failure to control the conduct of a driver but in the new draft Restatement, Torts, Second, § 495, it is said:

"A plaintiff is barred from recovery if the negligence of a third person is a legally contributing cause of his harm, and the plaintiff has been negligent in failing to control the conduct of such person." (p. 556.)

An instruction was given in this case on contributory negligence of a passenger, absent vicarious responsibility, as originally set forth in PIK, Civil, § 8.91. It was as follows:

"It is the duty of a passenger while riding in an automobile driven by another person, to use that care which a reasonably careful person would use for his own protection under the circumstances then existing.

"A passenger may properly rely upon the driver to attend to the operation of the vehicle, in the absence of knowledge of danger, or of facts which would give him such knowledge.

"It is for the jury to say from the evidence whether a passenger exercised such care as a reasonably careful person would exercise under the existing circumstances." (p. 248.)

We note the form of this suggested instruction has been revised in the 1968 Supplement of PIK Civil.

Now let us consider the primary question raised in this appeal, imputed contributory negligence. In this opinion the terms imputed negligence and imputed contributory negligence are used interchangeably and without implying any difference in meaning. As a general proposition imputed negligence will bar plaintiff's recovery. It does so not from culpability or wrongful act by plaintiff but from liability for another person's wrongful act. Such liability is an artificial creation of the law arising out of the relationship of parties and is referred to as vicarious responsibility. Such responsibility or liability is imposed by reason of the relationship. One such relationship giving rise to imputed negligence is loosely referred to as a joint adventure or joint enterprise. These two terms will be used interchangeably herein without attempting to connote any difference. See Prosser, Law of Torts [3rd Ed. HB], § 71, p. 488, for further discussion of the subject.

The fiction which gives rise to imputable negligence has been criticised and it is said to find small favor with the courts (*Reading Township v. Telfer*, 57 Kan. 798, 48 Pac. 134) but it persists in almost all of the states. (Prosser, Law of Torts [3rd Ed. HB], § 71, p. 494.) The Minnesota Supreme Court found the doctrine of imputed negligence so distasteful in automobile cases that it refused in 1966 to continue to recognize it. (See *Weber v. Stokley-Van Camp, Inc.*, 274 Minn. 482, 144 N. W. 2d 540.)

In Kansas if vicarious liability is to be imposed upon a passenger in an automobile for the culpable acts of his driver because of their relationship as joint adventurers, the liability must arise by reason of a contract, agreement or understanding of the parties. Such agreement or understanding may be either expressed or implied. In *Schmid v. Eslick*, 181 Kan. 997, 317 P. 2d 459, it is said:

"The essential question is whether, under the facts and circumstances, the driver and passenger can be found by implication to have agreed to have an equal privilege and right to manage and control the vehicle. . . ." (p. 1003.)

To constitute a joint venture which will impose vicarious liability four things must be established before the relationship of the parties will give rise to an application of the doctrine of imputed negligence. There must be (1) an agreement, (2) a common purpose, (3) a community of interest and (4) an equal right to a voice, accompanied by an equal right of control over the instrumentality (the automobile). (*Bedenbender v. Walls*, 177 Kan. 531, 535, 280 P. 2d 630; Prosser, Law of Torts [3rd Ed. HB], § 71, p. 490.)

It should be noted that the fourth essential, the right of control, must be present in the relationship of the parties before negligence can be imputed to the passenger. This right of control is necessary to confer agency upon the driver and like any other agency it must be based upon agreement. A right of control of a vehicle may not be required to carry out the common purpose in some joint adventures, since mutual use and operation of an automobile may not be considered necessary to carry on the joint adventure. In such cases there is no vicarious liability from the operation of a vehicle.

Probably the leading case in Kansas on the subject of vicarious liability between joint adventurers is *Schmid v. Eslick*, supra, which holds:

"To constitute a joint enterprise [which will support vicarious liability] between a passenger and a driver of an automobile, there must be a common

purpose for which they jointly use and occupy the motor vehicle so as to give each the equal privilege and right to control and manage its operation.

"Under the doctrine of joint enterprise whereby the negligence of one party is imputed to the other upon the relation of agency, there must be equal responsibility for the negligent operation of the vehicle, and there can be no equal responsibility unless there is equal privilege and right to direct and control its operation.

"The mere association of persons riding together in an automobile having a common purpose in making a trip and a common destination, does not in itself give to a passenger equal privilege and right to control the method and means of operating the vehicle so as to constitute a joint enterprise [imposing vicarious liability].

"In determining a passenger's equal privilege and right to control an automobile, the essential question is whether, under the facts and circumstances, there is an understanding between the parties that he has the right and is possessed of equal authority to prescribe conditions of use and operation." (p. 997.)

In *Schmid* Mr. Chief Justice Fatzer collects prior Kansas cases on the subject and after analyzing many of them he concludes for the court that "right of control" is an essential element which must be present by agreement if vicarious liability is to be imposed upon a passenger under the theory of agency between joint adventurers.

When no express agreement for mutual "right of control" is present an agreement may be implied if the facts and circumstances will support such an understanding.

The following factual situations have been held not to support such an understanding between the parties.

In the Restatement, Torts, Second, § 491, on the subject of contributory negligence arising from joint enterprise the following illustration is given on page 550:

"2. A, as attorney for B, is engaged in the trial of a case in the town of X. C is retained by B to assist A. Both A and C live in the same village, which is at some distance from the town of X. On the day of the trial A offers to drive C to X. While on the way to X, A drives the car carelessly and a collision ensues in which C is injured. A's negligent driving does not bar C from recovering against the driver of the negligently driven vehicle with which A's car collides."

In *Kendrick v. Atchison, T. & S. F. Rld. Co.*, 182 Kan. 249, 320 P. 2d 1061, a plaintiff passenger was in a car pool arrangement with three other employees of Boeing Airplane Company at Wichita. The four Boeing employees alternated in driving their automobiles to and from work in Wichita. While enroute to the plant in Wichita one day they collided with a Santa Fe train. The plaintiff passenger

was riding in the back seat of the car owned and operated by a fellow Boeing employee. This court on appeal held the facts and circumstances did not support a claim of joint enterprise imposing vicarious liability, in that equal right of control of the automobile was absent. Negligence of the driver could not be imputed to the passenger.

In *Angell v. Hester*, 186 Kan. 43, 348 P. 2d 1050, another "share the ride" agreement was examined by this court. The plaintiff passenger was a member of an oil field crew. The crew was returning home from work when an accident occurred. This court held the "share the ride" agreement did not constitute the driver an agent of the passengers. Negligence of the driver was not imputable to the passengers.

In *Hunter v. Brand*, 186 Kan. 415, 350 P. 2d 805, the plaintiff passenger was riding with her husband in a station wagon. The husband was driving. The wagon was owned by a partnership composed of the husband and his father. They operated a cattle ranch. The wife had accompanied the husband on a business trip. This court held no mutual "right of control" of the vehicle was established and the issue of joint enterprise imposing vicarious liability should not have been submitted to the jury.

In *Schmid v. Eslick*, supra, the plaintiff passenger and friends were attending a social gathering. He was out of cigarettes and suggested that he and his friends drive to town to purchase some. At the suggestion of a friend who volunteered to drive his car, plaintiff became a passenger and a collision occurred on the way to town. This court held as a matter of law the "right of control" test had not been met and that negligence of the driver could not be imputed to the passenger.

We have been unable to find a case with a factual situation identical to our present case. It is noteworthy that in our research we have failed to find any alleged joint enterprise case in which this court has held a trial court was justified under the evidence in imposing vicarious liability upon the passenger as a matter of law. In the future there may arise such a case but instances, no doubt, will be rare in the absence of an express agreement for mutual "right of control".

In several cases this court has held that under the facts of those cases "right of control" was a jury question. In *Heiserman v. Aikman*, 163 Kan. 700, 186 P. 2d 252, the question of alleged agency of the driver was held to be a jury question but on the separate

issue of alleged joint adventure imposing vicarious liability this court held the evidence was insufficient to establish plaintiff's mutual "right of control." On this latter issue it was held error to submit the question to the jury.

In the recent case of *Kelty v. Best Cabs, Inc.*, 206 Kan. 654, 481 P. 2d 980, we had a strong factual basis for supporting a jury finding on mutual "right of control." Mr. and Mrs. Kelty (the driver and passenger) were engaged in the paperhanging business. They worked together. He ran the business and she worked as his helper and assistant. The accounts and records of the business were kept jointly. The income from their mutual efforts went into a joint account. Joint income tax returns were filed. The title to the truck, in which they were riding at the time of the accident, was held jointly. The accident occurred on the way to work.

There can be little doubt in the Kelty case that a joint adventure was established. The question of mutual "right of control" over the use and operation of the jointly owned truck, however, was held to be a question of fact for the jury. The jury entered a verdict in favor of the plaintiff passenger, and in effect found either the driver was not negligent or the passenger had no mutual "right of control". This court in affirming the judgment held the question was properly submitted to the jury and indirectly we held this strong factual situation, which included joint ownership of the truck, did not establish mutual "right of control" of the vehicle as a matter of law.

By way of comparison let us examine the factual situation in the present case. As between McClure and Scott there were no joint tax returns, no ongoing business, no joint bookkeeping, and no joint ownership of the vehicle. McClure and Scott were separately employed by Equitable as salesmen. Both owned separate automobiles. Any common purpose or community of interest between them was entirely dependent upon their employment by Equitable. Their community of interests did not exist separate and apart from their employment. Equitable kept the records and paid them separately.

Although a plaintiff passenger and a driver of an automobile are co-workers or fellow employees of a common employer and both are acting in the course of and in the furtherance of the business, this alone does not make them participants in a joint enterprise which will impose vicarious liability under the "right of control" test; and this is true irrespective of whether the vehicle is owned by the employer, the fellow driver or by the plaintiff himself. (Re-

statement, Torts, Second, § 491, comment [f]; Prosser, Law of Torts, [3rd Ed. HB], § 71, p. 491. See also 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 679, p. 232; and *Heiserman v. Aikman*, supra; and *Kendrick v. Atchison, T. & S. F. Rld. Co.*, supra.)

In our present case McClure was the owner and operator of the car. The passenger Scott claimed no interest therein. There was no evidence that Scott had ever driven McClure's car or exercised any control over either the car or the driver. There was no understanding between the parties which might authorize Scott to use or control the operation of the McClure vehicle. In the absence of McClure it would appear that Scott had no right to be in the vehicle. The sharing of transportation was gratuitous and the sharing arose from a common desire to save personal expenses. There was nothing in the nature of the undertaking to sell insurance which dictated the use of the McClure vehicle. These two co-employees might as well have used some means of public transportation to call on this prospect. In such case their common purpose and community of interest would have been the same.

In determining vicarious responsibility of a passenger for the culpable negligence of a driver in connection with an alleged joint enterprise the "right of control" test must be applied and the test must be met before contributory negligence may be imputed to the passenger.

Where evidence of the relationship and understanding of the parties is undisputed and the facts and circumstances clearly show a passenger does not have an equal privilege and right to control the operation of the vehicle under the "right of control" test, the issue of joint enterprise to support vicarious liability becomes one of law for the court's determination; and, the court should instruct the jury that negligence of the driver, if any, is not imputable to the plaintiff passenger. (*Anthony v. Kiefner*, 96 Kan. 194, 150 Pac. 524, *Heiserman v. Aikman*, supra; *Schmid v. Eslick*, supra.)

After carefully reviewing the evidence in the record this court fails to find any evidence from which an understanding may be implied that McClure and Scott had an equal right of control and were possessed of equal authority to prescribe the conditions of use and operation of the McClure vehicle under the "right of control" test enunciated in *Schmid v. Eslick*, supra. Accordingly, it is held that the trial court erred (1) in determining the driver and passenger in this case were engaged in a joint enterprise imposing vicarious

liability and (2) in instructing the jury that any negligence on the part of the driver, McClure, was imputed to the plaintiff Scott. Instruction No. 18 should not have been given.

The appellant raises additional points of error. Our examination of these additional points does not disclose that a discussion of them would be of any particular help to the trial court on a second trial of this case. What has been said in our opinion adequately disposes of this appeal.

The judgment is reversed and the case is remanded to the trial court with directions to grant plaintiff a new trial in accordance with the views expressed herein.

FONTRON, J., concurring in part and dissenting in part: I agree this case should be reversed on the basis the trial court erred in instructing that as a matter of law the plaintiff and his driver were engaged in a joint enterprise.

However, in my opinion, the evidence of record was sufficient to warrant an inference of joint enterprise and the issue of whether or not a joint enterprise did exist should have been submitted to the jury as a question for its determination.

KAUL, J., joins in the foregoing concurring and dissenting opinion.