(593 P.2d 11)

No. 49,543

CHARLES H. LITTELL and SANDRA LITTELL, *Appellants,* v. CAROL G. MALONEY, *Appellee.*

Petition for review denied June 15, 1979.

Opinion filed April 6, 1979.

*Jerry D. Bogle* of Gott, Hope, Gott, Young & Saffels, P.A., of Wichita, for the appellants.

*D. Lee McMaster* of McMaster & Smith, of Wichita, for the appellee.

Before REES, P.J., SPENCER and SWINEHART, JJ.

SPENCER, J.: In an action for damages resulting from a motor vehicle collision which occurred June 9, 1973, the jury returned its verdict in favor of defendant and plaintiffs have appealed.

The issues presented are whether the court erred in its instructions to the jury and in its answer to a question submitted by the jury during deliberations.

This appeal has been submitted on an agreed statement as permitted by Supreme Court Rule No. 3.05 (223 Kan. xxxv). However, the record is silent as to whether the statement was submitted to the trial judge for his approval as conforming to the truth and as including all matters necessary to fully present the questions raised by the appeal as required by that rule. Because of the decision of this court to affirm, we accept the record in its present form.

Briefly, the facts are that plaintiffs, residents of Sedgwick County, owned and operated a private motorcycle escort service. On June 9, 1973, plaintiff Charles Littell was a lieutenant with the Sedgwick County Sheriff's Department and had been retained by a mortuary to escort a funeral procession from a church on south Seneca Street in Wichita to a cemetery north of that location. He was dressed in his uniform and was operating a privately owned motorcycle that had been designated an authorized emergency vehicle for purposes of funeral escort. The written designation was admitted into evidence without objection.

The church was located on the west side of Seneca Street facing east. The funeral procession was forming as vehicles exited east from the church parking lot or from the east-west side street located just north of the church, and then turned north onto Seneca Street. On June 9, 1973, Seneca Street was a four-lane street within the city of Wichita with two lanes for northbound traffic and two lanes for southbound traffic. Another officer was leading the procession as it left the area of the church. Plaintiff Charles Littell had located himself approximately in the middle of Seneca Street, just east and slightly north of the church parking lot, and had directed traffic out of the parking lot onto Seneca Street.

After defendant's vehicle had left the parking lot, plaintiff left the position where he had been directing traffic and proceeded north on Seneca Street in the center lane for southbound traffic toward the front of the funeral procession. Although he had activated the alternately flashing red lights mounted on the motorcycle, no audible signal was being sounded even though the motorcycle was equipped with a siren. While plaintiff was still some distance south of the rear of defendant's vehicle, defendant began a left turn into a shopping center driveway and into the path of plaintiff's motorcycle. There was conflicting evidence as to whether defendant activated her left turn signal. In any event, plaintiff's motorcycle collided with the left rear quarter of defendant's vehicle when defendant's vehicle was facing generally west and had almost entered the driveway to the shopping center. The point of collision was approximately one-half mile north of the church.

The court gave its instruction No. 10 as follows:

"The laws of Kansas provide that the driver of an authorized emergency vehicle, when responding to an emergency, may exercise the privilege to:

"(a) Exceed the maximum speed limits so long as he does not endanger life or property, and

"(b) Disregard regulations governing direction of movement.

"The privilege granted to the driver of an authorized emergency vehicle shall apply only when the vehicle is responding to an emergency and is using the equipment as required by law.

"The laws of Kansas require in this respect that an emergency vehicle be equipped with:

"(a) Flashing red lights, and

"(b) A siren, whistle, or bell capable of emitting a sound audible under normal conditions for a distance of not less than 500 feet.

"According to the laws of Kansas such siren shall not be used except when such vehicle is operated in response to, but not returning from, an emergency call. In said event the driver of such vehicle shall sound said siren when necessary to warn pedestrians and other drivers of the approach thereof.

"The above exemptions do not relieve the driver of an emergency vehicle from exercising due care taking into consideration the circumstances as they existed at the time."

Plaintiffs assert error in that (1) this instruction does not set forth the test of due care for the driver of an emergency vehicle; (2) their proposed instruction No. 12 should have been given in lieu thereof; and (3) the trial court should have instructed on the duty of an ordinary vehicle to yield to an emergency vehicle.

While recognizing the duty of the district court to instruct on the law applicable to the theory of the parties insofar as such theory is supported by competent evidence, we are equally aware that where no evidence is presented or the evidence is undisputed and is such that reasonable minds cannot accept it as sufficient to establish the existence of a fact, it becomes the duty of the court to remove the issue from the jury. In such event, the issue becomes a question of law for the determination of the court. *Southards v. Central Plains Ins. Co.,* 201 Kan. 499, 505, 441 P.2d 808 (1968); *Hunter v. Brand,* 186 Kan. 415, 350 P.2d 805 (1960). In this case we have the stipulated fact that, when plaintiff's motorcycle was approaching defendant's vehicle from the rear and against traffic, no audible signal was being sounded even though the motorcycle was equipped with a siren. Can it then be said that the motorcycle was being operated as an emergency vehicle?

The evidence clearly established plaintiff's motorcycle as an authorized emergency vehicle. If it was being operated as such at the time of the collision, plaintiff was entitled to the privileges

and immunities set forth in K.S.A. 1978 Supp. 8-1506, which provides in part:

"(c)  The exemptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of an audible signal meeting the requirements of K.S.A. 8-1738 and visual signals meeting the requirements of K.S.A. 8-1720, except that an authorized emergency vehicle operated as a police vehicle need not be equipped with or display a red light visible from in front of the vehicle.

"(d)  The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of reckless disregard for the safety of others."

K.S.A. 8-1738(d) requires that every authorized emergency vehicle shall be equipped with a siren, whistle or bell, capable of emitting sound audible under normal conditions from a distance of not less than 500 feet. Since plaintiff's motorcycle had been designated an emergency vehicle, we assume the siren with which it was equipped met the requirements of the statute. However, the operator of an authorized emergency vehicle who is responding to an emergency call as anticipated is granted the special privileges of the statute only when such person is making use of the required audible signal. *Duran v. Mission Mortuary,* 174 Kan. 565, 258 P.2d 241 (1953). Since no audible signal was sounded, it follows as a matter of law that plaintiff's motorcycle was not then being operated as an authorized emergency vehicle.

We find the court's instruction No. 10 to be an adequate statement of the law properly to be given the jury if the operation of an authorized emergency vehicle was either admitted or a question of fact to be determined. We agree with plaintiffs to the extent that, if instruction No. 10 was properly given the jury, the court should also have instructed on the test of due care for the driver of an emergency vehicle and on the duty of a motorist to yield to an emergency vehicle. *Shawnee Township Fire District v. Morgan,* 221 Kan. 271, 559 P.2d 1141 (1977). However, in light of our holding that plaintiff's motorcycle was not in this instance being operated as an emergency vehicle and because of the verdict of the jury in favor of defendant, the giving of instruction No. 10 and the lack of instructions on the test of due care and the duty to yield were harmless error.

Plaintiffs' exhibit No. 12 was card No. 4128 entitled "Designation of Emergency Vehicle" issued to plaintiffs' escort service by

the then State Highway Commission for the purpose of funeral escort and patrol duty. During the course of deliberations, the jury inquired of the court:

"Is the card 'Designation of Emergency Vehicle' S.H.C. Form NO 1502.3 a valid document with the signature of the <u>Authorizing</u> <u>Official</u> <u>missing</u>?"

The trial judge responded:

"Plaintiff Exhibit # 12 was issued by the state of Kansas after application was made for such designation you will have to accept the evidence as admitted."

Plaintiffs argue that the court should have answered the jury's question in the affirmative and that they were prejudiced because of failure to do so. The answer by the trial judge was correct and was a clear indication of the validity of the designation. In any event, neither the question nor the answer had any bearing on the vital issue of this case.

Judgment affirmed.