No. 67,652

HERBERT PIZEL, *et al., Appellants,* v. B. E. WHALEN, *Appellee.*

(845 P.2d 37)

Opinion filed January 22, 1993.

*James T. Wiglesworth,* of Overland Park, argued the cause, and *Thomas H. Bornholdt,* of Neill, Bornholdt, Terrill & Miller, of Overland Park, was with him on the brief for appellants.

*Mark A. Buck,* of Davis, Wright, Unrein, Hummer & McCallister, of Topeka, argued the cause, and *Brenda L. Head,* of the same firm, was with him on the brief for appellee B. E. Whalen.

*Michael E. Francis,* of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, was on the brief for appellee Eugene P. Zuspann.

The opinion of the court was delivered by

MCFARLAND, J.: This is a legal malpractice action brought by the potential beneficiaries of an inter vivos trust created by Charles Pizel, now deceased, against defendant attorneys B. E. Whalen and Eugene P. Zuspann. Trial by jury was had and judgment was entered in favor of the defendant. Plaintiffs appeal therefrom.

In 1962, attorney Eugene P. Zuspann prepared an inter vivos trust for Charles Pizel, a single man. Initially, the three trustees thereof were the settlor and two of his nephews, Allen and Wilfred Pizel. The deed transferring Charles' real estate to the trust was not recorded. Contemporaneously with the preparation and execution of the trust, Zuspann drew and Charles executed a will. In the early 1970's, Zuspann turned over the handling of Charles' affairs to his law partner, B. E. Whalen. In 1972, Charles mentioned to Whalen that his nephews Allen, Wilfred, and Her-

bert Pizel were the trustees. Whalen then looked up the trust instrument and advised Charles that Herbert was not involved therein.

At Charles' request, the trust was amended to substitute Herbert for Charles as a trustee immediately and to add Herbert as a beneficiary thereof after Charles' death. A new deed was prepared for the real estate. The same was not then recorded, as Charles instructed he wanted the trust kept secret until after his death because he was concerned over the reaction certain nieces and nephews would have who were not included in the trust provisions.

Concerned over Charles' failing physical and mental condition, Whalen, in the fall of 1976, wrote the three trustee nephews to schedule an appointment with him to discuss the trust and Charles' affairs. The trustees did not respond. Charles died in April 1979. Whalen then had the deed recorded. In August 1980, suit was filed by heirs under the will of Charles who did not benefit from the trust against the three surviving trustees. The district court held the trust was invalid on the basis no valid trust was created as the trustees never accepted the property or exercised control thereover. This judgment was affirmed by the Court of Appeals in *Pizel v. Pizel,* 7 Kan. App. 2d 388, 643 P.2d 1094, *rev. denied* 231 Kan. 801 (1982).

In 1984, the three nephews named as trustees brought the action herein (in their individual capacities) against attorneys Zuspann and Whalen seeking damages for having created a nonviable inter vivos trust which deprived them of what they would have received as beneficiaries thereunder. Summary judgment was entered in favor of Zuspann. Trial by jury was had as to Whalen, the remaining defendant, under comparative negligence principles. Fault was assessed as follows:

| | |
|---|---|
| Allen Pizel | 12% |
| Herbert Pizel | 12% |
| Wilfred Pizel | 11% |
| Charles Pizel | 25% |
| Eugene Zuspann | 5% |
| B. E. Whalen | 35% |

Damages were determined to be $204,550. Judgment for $71,592.50 was entered against Whalen, who appealed therefrom.

On appeal, we held, *inter alia,* that summary judgment was improperly entered in favor of Zuspann and remanded the case for a new trial. *Pizel v. Zuspann,* 247 Kan. 54, 795 P.2d 42, *modified* 247 Kan. 699, 803 P.2d 205 (1990). On remand, the case was tried on contributory negligence principles. Through a number of amendments, Wilfred, then deceased, was deleted as a plaintiff and children and grandchildren of Herbert and Allen were added as plaintiffs. The jury found in favor of the defendant attorneys on the breach of contract claim. Additionally, the jury found no negligence-causing injury relative to Zuspann. The jury then found Whalen had been negligent. The jury then found Charles, Allen, and Herbert had each been contributorily negligent. The trial court had instructed the jury that any contributory negligence found would be imputed to all plaintiffs and bar recovery. Accordingly, zero damages were assessed. The plaintiffs appealed from this judgment. At oral argument herein, the plaintiffs' motion to dismiss the appeal as to attorney Zuspann was granted, and so he is no longer a party hereto.

Additional facts are set forth in the *Pizel v. Pizel* and *Pizel v. Zuspann* opinions. The above summary is sufficient for our purposes herein except as may be supplemented as necessary for the discussion of particular issues.

## CONTRIBUTORY NEGLIGENCE

For their first issue on appeal, plaintiffs contend the district court erred in permitting the jury to consider contributory negligence herein.

Before proceeding, it is appropriate to explain the shift from comparative fault to contributory negligence which occurred between the first and second trials herein. In the motion for rehearing and clarification filed in *Pizel v. Zuspann,* complaint was made relative to the case having been tried on comparative fault rather than contributory negligence principles. In the modification of the opinion (247 Kan. 699), we stated:

"We next address the defendants' argument that judgment should be entered for the defendants based upon the plaintiffs' contributory negligence.

"In *Federal Savings & Loan Ins. Corp. v. Huff,* 237 Kan. 873, 704 P.2d 372 (1985), this court held that the comparative fault statute, K.S.A. 60-258a, does not apply to actions for economic damages. Following this decision, the legislature amended K.S.A. 60-258a to specifically include claims

for economic loss. This amendment became effective July 1, 1987. See K.S.A. 1989 Supp. 60-258a. In *Wichita Fed'l Savings & Loan Ass'n v. Black,* 245 Kan. 523, 781 P.2d 707 (1989), this court concluded that the amendment to the comparative fault statute adding economic loss was not retroactive. Because comparative fault is a substantive defense, the court held that the 1987 amendment to K.S.A. 60-258a, overruling *Huff,* was not applicable to the action before it. 245 Kan. at 544.

"In our original opinion, we reversed the trial court's order granting summary judgment to Zuspann prior to trial. Because the trial court's action was erroneous, this court was required to grant a new trial to the appellants. 247 Kan. at 77. The effect of our ruling was to return the parties to the positions they were in at the time the trial court improperly granted summary judgment. See *Bartlett v. Davis Corporation,* 219 Kan. 148, 153, 547 P.2d 800 (1976). This case was tried on comparative fault principles. Because contributory negligence was never raised before the trial court and, in fact, was never raised on appeal, it will not be considered for the first time on this motion. Although on remand the parties are not precluded from raising this issue, comparative fault principles control in this appeal." 247 Kan. at 701.

In the issue on appeal, no claim of error is made relative to the shift from comparative fault to contributory negligence. Rather, the complaint is that there was insufficient evidence to justify a contributory negligence instruction. The particular claims of contributory negligence submitted to the jury in the court's instructions were as follows:

"a. Charles Pizel failed to follow his attorney's advice and treat the land as in trust for 17 years.
"b. Allen Pizel failed to read the trust agreement and amendment and failed to manage the trust property until after Charles Pizel's death.
"c. Herbert Pizel failed to manage the trust property until after Charles Pizel's death."

For reasons set forth in the next issue, we decline to discuss the contributory negligence of Charles Pizel in this issue.

In *Schenck v. Thompson,* 201 Kan. 608, 612, 443 P.2d 298 (1968), we stated:

"Ordinarily, the existence of contributory negligence is a question of fact, it being for the jury to determine from the circumstances of each particular case whether the conduct of a party was such as would be expected of a reasonably prudent person. Only when the plaintiff's conduct can be said as a matter of law to have fallen below the standard of a reasonably prudent person, may the question of contributory negligence be taken from the jury and determined by the court. In ascertaining whether as a matter of law plaintiff is contributorily negligent, precluding recovery, the evidence and

all inferences that may reasonably be drawn therefrom must be accepted as true and considered in the light most favorable to the plaintiff. If the facts viewed in that manner be such that reasonable minds might reach different conclusions therefrom, the issue of contributory negligence must go to the jury. This is true, although the evidence is weak and inconclusive. [Citations omitted.]"

The above citation is approaching the issue from the angle of whether or not the contributory negligence determination should be taken from the jury and held to exist as a matter of law, which is why the evidence is to be examined in the light most favorable to the plaintiffs. Where the question is whether or not contributory negligence should be submitted to the jury as opposed to being dropped from the issues in the case, it follows that the evidence must be considered in the light most favorable to the defendant asserting same as a defense.

By virtue of the circumstances herein, more is involved in determining contributory negligence than just what transpired between Herbert and Whalen or Allen and Whalen. When the trust was initially set up, Zuspann was dealing with Allen. Also, Zuspann was a defendant at trial, asserting contributory negligence of Allen and Herbert. Additionally, it must be borne in mind that the plaintiffs' claimed damages were the result of the trust being declared invalid in *Pizel v. Pizel.* Accordingly, any part Herbert and Allen played in the *Pizel v. Pizel* case which contributed to the unfavorable results is a factor herein.

We must now look at the evidence most favorable to claims of contributory negligence on the part of Allen and Herbert.

### ALLEN PIZEL
Zuspann testified he explained to Allen Pizel the responsibilities of trustees and explained that the trust provided how they could deal with the property as trustees.

Allen admitted that when he signed the trust document and the trust amendment, he did not thoroughly read the document. Moreover, Allen did not read the entire trust instrument until after Charles had died. Allen never told Zuspann that he did not understand the trust, and he never asked for an appointment for the trust to be explained.

Allen admitted that he testified in *Pizel v. Pizel* that he did not do any acts as trustee. Additionally, he stated that Whalen explained the trust amendment when it was signed.

Allen did not think his duties as trustee started until after Charles passed away. In a previous deposition, Allen said he probably did not do anything as a trustee until the moment of Charles' death.

Zuspann's expert witness, Donald Horttor, stated that Allen's conduct in failing to read the Charles Pizel Revocable Trust until after Charles died, which was 17 years after he signed the trust document, constituted negligence.

## HERBERT PIZEL

Herbert Pizel stated that he did not understand the terms of the trust, he never told Zuspann he did not understand the trust, and he did not know if he asked Whalen to explain the terms of the trust to him or not. Herbert understood that he signed the trust as a trustee. He stated that he read the amendment to the trust a hundred times, but still did not know what it said.

Zuspann's expert witness, Donald Horttor, testified it was his opinion that Herbert owed a duty to either understand the trust instrument, get somebody to explain it to him so he could understand it, or resign.

Additionally, Whalen's expert witness, Professor John Kuether, opined that the declarations made by Allen, Herbert, and Wilfred in *Pizel v. Pizel*, wherein they denied there was a present trust and that they were trustees, were incredibly damaging and considered by the Court of Appeals when the trust was held invalid. Kuether pointed out that Judge Willoughby (trial judge in *Pizel v. Pizel*) cited the trustees' denials and their inactions in determining that there was not a valid trust.

Professor Kuether stated that trustees should read the trust document and, furthermore, have a duty to understand the terms on which they are accepting the trust property. If a trustee cannot find a satisfactory explanation of the terms of the trust, he cannot fulfill his duties as trustee, and he has a duty to resign as trustee.

We also note that the trust instrument and the amendment are, on their face, important-appearing legal documents. Allen's and Herbert's signatures were notarized. Even a cursory reading of either instrument should reveal that significant duties are being imposed upon the trustees.

Contributory negligence is conduct on the part of a plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, cooperating with the negligence of the defendant, in bringing about the plaintiff's harm. It is conduct which falls short of the standard to which a reasonable man should conform in order to protect himself from harm. *Cruse v. Dole,* 155 Kan. 292, Syl. ¶ 1, 124 P.2d 470 (1942). The standard of care, diligence, and skill required of a trustee in the administration of the trust estate is that of the prudent man. K.S.A. 58-1202(c) provides:

"Unless the instrument expressly states otherwise the prudent man rule, as expressed in K.S.A. 17-5004, shall apply as the standard for the exercise of the powers conferred upon a trustee by the uniform trustees' powers act."

K.S.A. 17-5004(a)(1) provides:

"In acquiring, investing, reinvesting, exchanging, retaining, selling and managing property for the benefit of another, a fiduciary shall exercise the judgment and care under the circumstances then prevailing, which persons of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital."

We conclude there was sufficient evidence to warrant the district court's submission of the question of contributory negligence on the part of Allen and Herbert Pizel to the jury.

## IMPUTATION OF CONTRIBUTORY NEGLIGENCE

For their next issue, plaintiffs contend it was error for the trial court to instruct the jury that any contributory negligence found on behalf of Charles, Allen, or Herbert Pizel was imputed to all plaintiffs and would bar any recovery herein.

In *Pizel v. Zuspann,* 247 Kan. 54, we discussed the propriety of imputing negligence herein and rejected it, stating:

"Whalen next argues that the negligence of his client, Charles, should be imputed to the appellants. The trial court rejected defendants' requested instruction on this theory. Although recognizing that the general rule is that the negligent acts of third persons will not be imputed to a plaintiff to bar recovery, Restatement (Second) of Torts § 485 (1964), Whalen argues that the exception to this general rule for a joint enterprise should be applied to the facts in this case.

"Four basic elements are needed to establish a joint venture that imposes vicarious liability: (1) an agreement; (2) a common purpose; (3) a community of interest; and (4) an equal right to a voice accompanied by an equal right of control over the instrumentality. *Scott v. McGaugh*, 211 Kan. 323, 327, 506 P.2d 1155 (1973).

"In *Schmidt v. Martin*, 212 Kan. 373, 375-76, 510 P.2d 1244 (1973), this court recognized that the doctrine of imputed negligence has been highly criticized. The court pointed out that the doctrine has been rejected in five recognized relationships in Kansas: (1) parent and child; (2) husband and wife; (3) driver and passenger; (4) owner of vehicle and driver; and (5) bailor and bailee. The court has approved and accepted the doctrine when applied in two special relationships: master-servant and joint enterprise. 212 Kan. at 376. In *Schmidt*, the court had to decide whether to impute the negligence of a custodian of a child to the child's parents as a matter of law based solely on that relationship. 212 Kan. at 376. The court rejected its application, holding that the negligence of a third party in caring for a child at the request of the parent is not, as a matter of law, imputed to the parent. The court pointed out that the only logical basis for the imputation of the negligence of one person to another is the right of the latter to control the acts of the former. 212 Kan. at 378.

"In *Lightner v. Frank*, 240 Kan. 21, 24-27, 727 P.2d 430 (1986), this court once again addressed the issue of imputed negligence. This was a wrongful death action by the children of a married couple involved in an extensive farming operation. The wife was driving at the time of the automobile crash. The question was whether her negligence could be imputed to her husband. This court concluded that the record was completely lacking in any testimony that an agreement or understanding existed between the husband and wife to the effect that the husband had a right to control the wife's operation of the automobile.

"The four basic elements necessary to establish a joint venture to impose vicarious liability do not exist here. Whalen argues that the trust was an agreement between appellants and Charles. The trust, however, was created by the unilateral actions of Charles. Although Allen, Wilfred, and Herb agreed to act as trustees, the creation and continuation of the trust was solely within the power and conduct of Charles. Certainly no prior agreement or understanding existed among the parties to create the trust; therefore, the first requirement necessary to establish a joint venture is not shown.

"The court here instructed the jury to compare the faults of the parties. The jury apportioned fault as follows:

| | |
|---|---|
| Allen Pizel | 12% |
| Herbert Pizel | 12% |
| Wilfred Pizel | 11% |
| Charles Pizel | 25% |
| Eugene Zuspann | 5% |
| B.E. Whalen | 35% |

If Whalen's argument was accepted and the fault of Allen and Herb as well as Charles was imputed to each other, then the total fault of appellants would be 60%. Under the comparative fault principles adopted in Kansas, because the fault of those parties is greater than 50%, no judgment would have been entered against Whalen. See *Pape v. Kansas Power & Light Co.,* 231 Kan. 441, 448-49, 647 P.2d 320 (1982). Because Whalen has not established that the trust here should be treated as a joint venture, however, this argument must be rejected. The trial court's instructions on comparative fault, which did not impute the negligence of the appellants to each other and Charles, were correct." 247 Kan. at 70-72.

The fact that, on remand, trial was had upon contributory negligence principles rather than on the basis of comparative fault does not alter what we said in the *Pizel v. Zuspann* opinion on this subject. The shift in the negligence principles had no bearing on our conclusion that no joint·venture was involved herein and that imputation of negligence was inappropriate.

It was, accordingly, error to submit the matter of contributory negligence on the part of Charles Pizel to the jury. The only purpose of such a determination would be in connection with imputing it to other plaintiffs to bar their recovery.

Further, we hold that, based on our earlier decision herein, it was error to instruct the jury that the contributory negligence of Allen or Herbert could be imputed to each other to bar recovery.

The question then becomes what effect do these errors have herein? We conclude they do not require reversal of the judgment for the following reasons. Allen and Herbert Pizel were each found to be contributorily negligent. Each was thus barred from any recovery by his own contributory negligence without any imputation of contributory negligence.

This conclusion leaves what might be perceived as a dangling end. The instructions and verdict form reflect any contributory negligence should be imputed to "all plaintiffs." In addition to Allen and Herbert, various children and grandchildren of each were named as plaintiffs. However, it is not asserted that such children or grandchildren have any greater or different rights herein than does their respective father or grandfather (Allen or Herbert). It is clear that throughout this case on remand, and in this appeal, that the offspring of Allen and Herbert were considered as, essentially, riding in sidecars to the claims of their

respective progenitor and that the success of Allen or Herbert was essential to their claims. Thus, the parties have, on remand, continually treated this as a two-plaintiff case (Allen and Herbert).

The judgment is affirmed.