Robert E. FLEMING, Appellant,

v.

Albert L. LAWSON, Appellee.

No. 5419.

United States Court of Appeals
Tenth Circuit.

Dec. 28, 1956.

**120**

Ernest L. Newton, Lander, Wyo., and A. Joseph Williams, Cheyenne, Wyo., for appellant.

Edward E. Murane, Casper, Wyo., for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This case arises as the result of an automobile accident occurring in Wyoming wherein appellee-plaintiff was injured while riding as a guest in a vehicle being driven by appellant-defendant.[1] Jurisdiction being obtained through diversity and requisite amount the matter was tried by jury in the District of Wyoming and resulted in a judgment for plaintiff. Aggrieved, defendant perfects his appeal asserting error in the denial of his motion for a directed verdict, the admission of certain evidence, the form of the verdict and in the refusal of the trial court to instruct opposing counsel relative to testimony showing the existence of insurance. We review the contentions of defendant in that order.

At the conclusion of plaintiff's main case defendant moved for a dismissal of the cause upon the ground that the evidence showed as a matter of law that plaintiff had assumed the risk of riding with defendant, there being ample opportunity, counsel contended, for plaintiff to decline to ride with defendant after the latter's conduct and the concomitant risk were known to plaintiff. The motion was denied and defendant proceeded to offer evidence to support his version of the accident. Defendant did not renew his motion for a directed verdict at the conclusion of the case and chose to submit the matter to the jury.

This court, with many others, has held that a motion to dismiss or for directed verdict made by a defendant at the conclusion of plaintiff's main case is waived by proceeding to submit his evidence to the jury unless renewed at the close of the case. United States v. Alberty, 10 Cir., 63 F.2d 965; Home Ins. Co. of New York v. Davila, 1 Cir., 212 F.2d 731; Concordia Fire Ins. Co. of Milwaukee v. Commercial Bank, 8 Cir., 39 F.2d 826; Bogk v. Gassert, 149 U.S. 17, 13 S.Ct. 738, 37 L.Ed. 631. It follows that defendant is precluded

---

1. The parties will hereinafter be designated as in the court below.

from questioning on appeal the sufficiency of the evidence to support the verdict.

Defendant's second contention concerns admission of certain portions of the testimony of the witness Rager. The substance of this testimony was that the car being driven by defendant and in which plaintiff was riding passed the Rager vehicle while the latter was going 90 miles per hour at a point some 33 miles from the accident.[2] Objection was based upon irrelevancy because of remoteness, it being admitted that defendant stopped for gas after first passing the Rager automobile.

■ The admission of evidence tending to show the rate of speed of a vehicle at a time and place other than the immediate proximity of the accident rests in the sound discretion of the trial court, Ries v. Cheyenne Cab & Transfer Co., 53 Wyo. 104, 79 P.2d 468; Comins v. Scrivener, 10 Cir., 214 F.2d 810, 46 A.L.R.2d 1. If the proffered evidence has more than a minimum probative value and is fit for consideration by the jury it is relevant and should be admitted unless undue prejudice is likely to arise from the consideration. It rests with the trial court to weigh these factors in light of the facts and circumstances of the case and the claims of the parties.

■ Being a guest in the car, it was incumbent upon plaintiff to prove gross negligence or willful and wanton misconduct upon defendant's part to support a cause of action.[3] When a claim of gross negligence is made, incidents which otherwise would have little or no probative value become relevant to show a repeated and conscious disregard of or indifference to the consequences upon the part of the wrongdoer. See 46 A.L.R.2d 62; People v. Costa, 40 Cal.2d 160, 252 P.2d 1.

■ The witness Rager, in addition to the testimony now attacked, testified that defendant passed him again some three miles from the scene of the accident and at the approximate speed of the earlier incident, the fair inference being that each speed was nearly 100 miles per hour although the defendant had come to a complete stop between the two occurrences. The plaintiff testified that the defendant was driving at 100 miles per hour at the time of the accident. Under these circumstances we are of the opinion that the testimony of Rager was properly admitted and was relevant to the issues.

■ Defendant's next contention warrants little consideration and is without merit. The formal verdict furnished to and returned by the jury stated:

"We the jury, empaneled in the above entitled case, upon the issues joined, do find for the plaintiff, Albert L. Lawson, and find that the defendant, Robert E. Fleming, was guilty of negligence which was the proximate cause of the damages sustained by said plaintiff and assess plaintiff's damages at $11,708.90."

Under the Wyoming guest statute, supra, recovery by plaintiff must be predicated upon the finding of *gross* negligence. However, omission of the word "gross" from the verdict was an obvious clerical oversight and resulted in no prejudice to the defendant. The court's instructions carefully noted the necessity of a finding of gross negligence and no objection to the form of the verdict was made by defendant. "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Rule 61, Fed. Rules Civ.Proc., 28 U.S.C.A.

Defendant's last contention complains of a ruling made by the trial court at a conference held by court and counsel prior to the introduction of evidence in the case. At the conference, counsel for

---

2. Defendant ultimately hit a horse upon the highway.

3. Section 60–1201, Wyo.Comp.Stat.1945.

the defendant informed the court that at a prior trial of the issues[3] certain evidence relating to the existence of liability insurance had been improperly elicited from one of plaintiff's witnesses. Apprehensive of a recurrence on second trial, defendant moved the court to direct opposing counsel "not to ask questions that are designed to bring out conversations pertaining to insurance," and to instruct opposing counsel that the witness "is not to give the testimony concerning conversations involving insurance."

· The motion was denied and at the second trial the same offending witness, as a volunteer and not in response to a question, again recited the fact of the existence of liability insurance. The testimony was promptly stricken and the jury instructed to disregard the witness' statement.

■ Defendant's assignment of error in this regard is not sound as the motions made at the conference do not give rise to a reviewable issue. Such motions are not technically known to the law and no error can be predicated on a trial court's consideration of a situation so presented. It is exclusively and peculiarly within the trial court's province to determine the need, or lack of need to caution counsel relative to anticipated happenings.

■ Although we are of the opinion that defendant could properly have sought a mistrial after his apprehensions became a reality, no such relief was sought. Absent such a motion, it is fundamental that he cannot await the outcome of the jury's action and then claim prejudice from an unfavorable verdict. Northern Arizona Supply Co. v. Stinson, 73 Ariz. 109, 238 P.2d 937; Arkansas Cent. Ry. Co. v. Morgan, 129 Ark. 67, 195 S.W. 403; Whetstone v. Dreher, 138 S.C. 169, 136 S.E. 209; London Guarantee & Accident Co. v. Woelfle, 8 Cir., 83 F.2d 325.

· The judgment is affirmed. . ·

---

3. This trial resulted in a hung jury.