Marion ROBERTS and Nolah Roberts, Appellants,

v.

N. C. SAWYER, Appellee.

No. 5698.

United States Court of Appeals
Tenth Circuit.

Jan. 30, 1958.

Rehearing Denied March 14, 1958.

Haskel Pugh, Anadarko, Okl., for appellants.

G. C. Spillers, Sr., Tulsa, Okl. (G. C. Spillers, Jr., Tulsa, Okl., was with him on the brief), for appellee.

Before MURRAH, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

This action was initiated by appellee, plaintiff below, to foreclose real and chattel mortgages given by appellants as security for the payment of a promissory note. Appellants defended upon the ground that the note and mortgages had been obtained by fraud due to misrepresentation made by appellee to appellants in the sale of a motor court. The issues thus joined were submitted to a jury and from a judgment entered upon a verdict adverse to appellants' contentions this appeal is taken.

Appellants now assert, by assignment of error but not by brief or argument, that the evidence is insufficient to support the verdict, a contention not earlier based upon a motion for directed verdict. Failure to move for a directed verdict precludes a review as to the sufficiency of the evidence. United States v. Alberty, 10 Cir., 63 F.2d 965; Fleming v. Lawson, 10 Cir., 240 F.2d 119 and cases cited; and points neither briefed nor argued are deemed waived. Watts v. United States, 10 Cir., 220 F.2d 483.

Appellants further contend that the trial court abused its discretion by denying a motion for new trial based upon newly discovered evidence. Appellants testified at the trial that they had been induced to buy the motor court upon the representation by the appellee-seller that the premises had never been flooded. The appellee denied having made such a representation and denied having any knowledge that the motor court had been flooded. The newly discovered evidence proffered by appellants consists of the testimony of witnesses who assert appellee had knowledge of the flood.

A motion for new trial upon the claim of newly discovered evidence is addressed to the discretion of the trial court and the denial of such motion is not reviewable except for manifest abuse of discretion. Trapp v. United States, 10 Cir., 177 F.2d 1; Dyess v. W. W. Clyde & Co., 10 Cir., 132 F.2d 972. The basis of appellants' motion merely is an offer of cumulative evidence upon an issue considered by the jury. We will not disturb the ruling of the trial court.

Other contentions urged in appellants' brief touch matters outside the record which we are neither constrained nor inclined to consider.

Affirmed.