**Clarence B. BROWN, Appellant,**

v.

**Charles Everett POLAND and Ed. J. Edwards, Appellees.**

**Charles Everett POLAND and Ed. J. Edwards, Appellants,**

v.

**Clarence B. BROWN, Appellee.**

**Nos. 7292, 7293.**

United States Court of Appeals Tenth Circuit.

Dec. 26, 1963.

---

William R. Smith, Wichita, Kan. (James W. Putnam, Richard Mankin, Emporia, Kan., A. W. Hershberger, Richard Jones, Wm. P. Thompson, H. E. Jones, Jerome E. Jones, and Robert J. Roth, Wichita, Kan., on the brief), for appellant in No. 7292 and appellee in No. 7293.

Richard C. Hite, Wichita, Kan., (W. A. Kahrs, Robert H. Nelson, H. W. Fanning, and Darrell D. Kellogg, Wichita, Kan., on the brief), for appellees in No. 7292 and appellants in No. 7293.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

We have here an appeal and a cross-appeal from a judgment for the defendants, appellees Poland and Edwards, entered on a jury verdict in an action brought by plaintiff-appellant Brown to recover for property damage, personal injuries, and the death of his wife in a Kansas truck-automobile, rear-end collision. Jurisdiction is based on diversity. The parties will be referred to as they appeared below.

We first consider No. 7292. Plaintiff was a passenger in a car driven by his wife. He claims that the accident was caused by the defendant truck driver Poland negligently making a left-turn while plaintiff's car was attempting to pass. The defendants say that the accident was caused by the negligence of the wife.

■■ Plaintiff asserts that no substantial evidence supports the verdict and that the verdict is against the weight of the evidence. He made no motion for a directed verdict in the trial court but in a motion for a new trial urged that the verdict was against the weight of the evidence. Failure to move for a directed verdict bars appellate review of the suf-

**986**

ficiency of the evidence.[1] The reviewability of a denial of a new trial sought on the ground that the verdict is against the weight of the evidence presents a procedural question on which much diversity of opinion has arisen.[2] We find it unnecessary to explore the ramifications of the problem because, granting that the trial court has the requisite discretionary power and that its exercise thereof is subject to appellate review, the record before us establishes that substantial evidence sustains the verdict and that the trial court properly exercised its discretion in denying the motion.

Objection is made to the instruction that the plaintiff is charged with, and responsible for, the negligence of his wife. The husband and wife owned the car jointly and, pursuant to a jointly made decision, they were on a family mission at the time of the accident. Plaintiff testified that he had the right to direct and control his wife's driving.

In Kansas the imputation to a passenger of the driver's negligence depends on the passenger's right of direction and control.[3] Plaintiff contends that the joint enterprise rule is not applicable because here the trip was not for a business purpose and because the parties were husband and wife. As we read the Kansas decisions,[4] these are circumstances to be taken into consideration but do not detract from the decisive importance of the right of direction and control. In the case before us the plaintiff said positively that he had the right of direction and control. To avoid the effect of this testimony, counsel for plaintiff point out that a psychiatrist testified that the plaintiff had a "dependent personality" and urge that the statement compensated for his personality inadequacies. Ordinarily a party is bound by his own uncontradicted testimony.[5] The trial court, after hearing both the plaintiff and the psychiatrist, held, and instructed the jury, that the negligence of the wife was imputed to the plaintiff. Implicit in such holding is the conclusion that the plaintiff had the right to direction and control. We may not substitute speculation on the emotional motivation of the plaintiff for the ruling of the trial court.

The court instructed the jury on the Kansas statute [6] requiring trucks such as that of defendant Edwards to be equipped with a rear view mirror. Concededly, the truck had such a mirror.[7] Plaintiff objects to the refusal of the trial court to give his requested instruction that the duty to keep a proper lookout "is not limited to what may be seen directly, but includes what may be seen by the proper use of rear vision mirrors." In our opinion the instruction given on lookout was proper and adequate.[8] Additional emphasis on the use of rear view mirrors was not necessary. The instructions taken and considered as a whole were correct and sufficient.

1. Roberts v. Sawyer, 10 Cir., 252 F.2d 286, 287; Fleming v. Lawson, 10 Cir., 240 F. 2d 119, 120–121.

2. Compare Francis v. Southern Pac. Co., 10 Cir., 162 F.2d 813, 818, affirmed 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798, with Tidewater Oil Company v. Waller, 10 Cir., 302 F.2d 638, 642–643; and Lind v. Schenley Industries, Inc., 3 Cir., 278 F.2d 79, 88–90, certiorari denied 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60, with Binder v. Commercial Travelers Mut. Acc. Ass'n of America, 2 Cir., 165 F.2d 896, 902, and Srybnik v. Epstein, 2 Cir., 230 F.2d 683, 686.

3. Hunter v. Brand, 186 Kan. 415, 350 P. 2d 805, 809; Kendrick v. Atchison, Topeka & Santa Fe Railroad Company, 182 Kan. 249, 320 P.2d 1061, 1072–1073;

Schmid v. Eslick, 181 Kan. 997, 317 P.2d 459, 464–465.

4. These are summarized in Schmid v. Eslick, 181 Kan. 997, 317 P.2d 459, 465.

5. See Kansas Transport Company v. Browning, 10 Cir., 219 F.2d 890, 893.

6. G.S.Kan., 1949, 8–5, 104.

7. Defendant Poland, the driver of the truck, testified that, about 500 to 600 feet from the driveway into which he made the left-turn, he activated the turn signal indicator, looked into the rear view mirror, and saw no car approaching from the rear.

8. See DeGraw v. Kansas City & Leavenworth Transp. Co., 170 Kan. 713, 228 P. 2d 527, 531.

In case No. 7293 the defendants urge that the trial court should have granted a motion for a directed verdict in their favor. The record shows that the defendants made such a motion and that the court took it under advisement. No decision on the motion appears in the record. Hence, no appealable order is before us and the appeal must be dismissed.

The judgment in No. 7292 is affirmed and the appeal in No. 7293 is dismissed.