**Beulah INGRAM, Appellant,**

v.

**Jack W. HALLMAN, Appellee.**

**No. 7345.**

United States Court of Appeals
Tenth Circuit.

April 23, 1964.

Gerard K. Donovan, of Rogers, Donovan & Rogers, Tulsa, Okl., for appellant.

Dickson M. Saunders, of Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, Okl., for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

This case grows out of a collision between automobiles driven by the appellant, Ingram, and the appellee, Hallman. Hallman, while driving his automobile on an Oklahoma highway, had stopped at an intersection as required by a traffic sign. Ingram was following in her automobile and collided with the rear of Hallman's car after it had stopped. The collision was not severe, and damage to the cars was not extensive. At the time, Hallman did not realize he had been injured in any manner, except that he felt "a little stinging in my neck." The following day he began to suffer from pains in his neck and shoulders, and thereafter hospitalization and extensive medical treatment was required. The severe pain continued until relieved to some extent by surgery. One doctor testified that, in his opinion, Hallman was from 30% to 35% totally disabled. There was evidence that medical treatment and hospitalization in the future would be necessary. The jury returned a verdict in favor of Hallman for $20,000. This appeal is from a judgment entered thereon.

The only contention made here is that plaintiff's evidence was insufficient to prove that the accident was the proximate cause of the disability. At the close of plaintiff's evidence, defendant moved for a directed verdict, which motion was denied. Evidence was then introduced by the defendant, but at the close of all the evidence the motion for directed verdict was not renewed. It is well settled that the introduction of evidence by a defendant after a motion for a directed verdict at the conclusion of plaintiff's evidence has been overruled is a waiver of that motion, and the sufficiency of the evidence may not be challenged on appeal unless the motion is renewed at the close of all the evidence in the case. Cyc.Fed.Proc., 3d Ed., Vol. 9, §§ 31.77, 31.78, and cases cited; United States v. Alberty, 10 Cir., 63 F.2d 965; Fleming v. Lawson, 10 Cir., 240 F.2d 119.

[2] We have, however, examined the record, and find that there is ample evidence to sustain the judgment. The evidence is without conflict that at the time of the accident Hallman was 38 years of age, and was strong and able-bodied. He engaged in many forms of strenuous activity such as boating, bowling and golf. His employment required continuous driving of an automobile over long distances, all of which was done without any physical restriction or medical treatment. Following the accident he was in constant pain which was relieved to some extent only after surgery. His ability to drive his automobile in the course of his employment was curtailed. There was atrophy of the muscles in the upper part of his body, which resulted in a weight loss of approximately 30 pounds. From the date of the accident until time of trial there had been a progressive deterioration in Hallman's physical condition. The inference to be drawn from the testimony of the doctors who treated Hallman was that his condition was caused by the collision. When Dr. Moots, who was the first doctor to treat Hallman, was asked if it was his opinion that the collision would have caused the injuries, his answer was in the affirmative. When questioned concerning Hallman's loss of weight, he testified:

"Q. Doctor, do you have an opinion as to why this patient's muscles wasted away and he lost weight?

"A. The loss of ability to use them.

"Q. Why did he lose the ability to use those muscles?

"A. Due to the stiff neck and pain in the neck and pain in the shoulder.

"Q. And from what source did the pain in his neck and his muscles come?

"A. The whip-lash injury."

Affirmed.