**Sharon Kay HOLMES, Plaintiff-Appellant,**

v.

**James Walter WACK, Defendant-Appellee.**

**No. 71–1619.**

United States Court of Appeals, Tenth Circuit.

July 13, 1972.

Rehearing Denied Aug. 2, 1972.

---

Jack B. Sellers, Drumright, Okl. (Allen B. Mitchell, Sapulpa, Okl., and Joe A. Moore, Memphis, Tenn., of counsel, on the brief), for plaintiff-appellant.

James E. Poe, of Covington, Gibbon & Poe, Tulsa, Okl. (Richard D. Gibbon, of Covington, Gibbon & Poe, Tulsa, Okl., on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, and KILKENNY * and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is a diversity action in which the plaintiff sought damages for personal injuries growing out of an automobile accident which occurred at Pryor, Oklahoma, November 25, 1965. Plaintiff, who was then an 18-year-old student, was a passenger in the back seat of an automobile which was being driven by her father. Her father's car was hit from behind with considerable impact. The sole issue tried was that of the plaintiff's personal injuries.

There were two trials, and following a verdict in favor of the plaintiff in the first one the trial court granted a new trial. Plaintiff, through her lawyer, had refused to accept a remittitur which would have reduced the judgment from $15,000.00 to $5,000.00. At the second trial liability was not disputed, but this time the verdict was in favor of the defendant, the jury apparently concluding that plaintiff had not suffered actual damages.

---

* Of the Ninth Circuit sitting by designation.

At the time of the accident, plaintiff was a passenger in the back seat of the car and was leaning over in the act of putting on her shoes when the collision occurred. It is inferable from her testimony that she was temporarily unconscious. She stated that she did not remember the accident or the incidents which followed, and that her memory was restored only at the time of examination in the hospital emergency room (to which she was taken). Testimony was given by the attending physician who stated that she complained of a headache and showed symptoms of confusion and disorientation, but that the confusion dissipated as the examination progressed. There was no abrasion or other evidence of trauma, and the total bill for the emergency treatment was $7.50.

From November to the following June plaintiff did not see any doctor, but on the latter date an examination was performed by a neurosurgeon in Beaumont, Texas, who reported that she showed a slight limitation of motion in her neck, but that there were no neurological symptoms. Subsequently, plaintiff had occasion to see the family physician, but she did not complain of any of the symptoms such as headaches and stiff neck, which she later described at the trial. She did, however, make these complaints to a neurosurgeon in Tulsa, Oklahoma to whom she was referred by her attorney in July 1967. He stated that there was a possible ligament muscle strain traceable to the accident, and his electroencephalogram (EEG) study showed some abnormality. Again, he stated that these non-seriously disturbed brain wave patterns were possibly caused by bruising of the brain during the accident. Subsequent examinations by the neurosurgeon who first examined plaintiff did not reveal any remarkable abnormalities, and this doctor concluded that the medication prescribed had caused an abnormality appearing in the EEG test.

There were numerous other visits to Doctor Moore, the family physician who prescribed for a possible hypothyroid problem unconnected with the accident. Plaintiff was described as a shy and intense girl, an achiever in school and a worrier.

Other evidence at the trial established that subsequent to the accident in November 1965, plaintiff returned to college on a normal basis and even attended the required physical education classes.

Plaintiff contends, first, that the trial court erred in granting the motion for new trial following the rendering of a favorable verdict at the first trial.

Plaintiff's second point is that the evidence is wholly insufficient to support the defendant's jury verdict; it is said that the undisputed evidence shows that the plaintiff suffered damage attributable to the alleged injury.

We conclude that the trial court did not commit error in connection with either trial and that the judgment must be affirmed.

First, we consider the trial court's action in granting a new trial following the verdict in favor of the plaintiff at the first trial. The granting or refusal to grant a motion for new trial is governed by Rule 59 of the Federal Rules of Civil Procedure which embodies the common law precedents of the English and federal courts. Thus, state procedure is not applicable. See 6A Moore's Federal Practice ¶ 59.05. The scope and extent of this power to grant a new trial is well described in the oft-cited opinion of the Fourth Circuit (opinion by Judge Parker) in Aetna Casualty & Surety Co. v. Yeatts, 122 F. 2d 350 (4th Cir. 1941), wherein the late Judge Parker pointed out that a federal trial judge has ample power to see that justice is done, and where the ends of justice require it he has the authority to set aside the jury's verdict.[1] Further-

---

1. * * * The exercise of this power is not in derogation of the right of trial by jury but is one of the historic safeguards of that right. * * * 122 F.2d at 353.

more, where the trial court believes that the jury's verdict is against the weight of the evidence, a motion for new trial is proper.[2] And where the court believes that the judgment for damages is excessive, that is, it is against the weight of the evidence, the court may order a remittitur and alternatively direct that there be a new trial if the plaintiff refuses to accept it.[3]

In the instant case the court was of the opinion that the verdict was excessive and said so.[4]

It is clear from the authorities cited that a federal trial judge has a broad discretion in the area of granting or refusing to grant a motion for new trial, and the decision of a district court judge will not be reversed absent a gross abuse of discretion. The ruling appealed from does not constitute a gross abuse of discretion.

Plaintiff's second contention, that the cause must be reversed because of lack of evidence to support the verdict, must also be rejected. At the second trial plaintiff failed to move for a directed verdict on the issue of liability[5] and failed also to object to the verdict forms which the court submitted.[6] In this situation appellate review is not possible. The applicable rule was clearly stated by this court in Brown v. Poland, 325 F.2d 984 (10th Cir. 1963), wherein it was said:

Plaintiff asserts that no substantial evidence supports the verdict and that the verdict is against the weight of the evidence. He made no motion for a directed verdict in the trial court but in a motion for a new trial urged

---

\*  \*  \*  \*  \*
To the federal trial judge, the law gives ample power to see that justice is done in causes pending before him; and the responsibility attendant upon such power is his in full measure. While according due respect to the findings of the jury, he should not hesitate to set aside their verdict and grant a new trial in any case where the ends of justice so require.
122 F.2d at 354.

2. Community National Life Insurance Co. v. Parker Square Savings & Loan Ass'n, 406 F.2d 603, 605 (10th Cir. 1969), and Tidewater Oil Company v. Waller, 302 F.2d 638 (10th Cir. 1962).

3. Oklahoma Natural Gas Co. v. McKee, 121 F.2d 583, 586 (10th Cir. 1941) (remittitur ordered by trial court); Botsford v. Ideal Trucking Co., 417 F.2d 681 (2d Cir. 1969) (remittitur ordered by appellate court).

4. The statement of the trial court on this subject is as follows:
THE COURT: You have one duty with reference to the amount of the verdict and the Court has another.
I don't think there's any doubt but what this is an excessive verdict under all the circumstances and so indicated. when the jury left the jury box.
I have given this case considerable thought. At the time this girl was in an accident, though that doesn't mean she was damaged, she did go to a doctor. Of course the Court is familiar with

everything that Mr. Gibbon said, and you said, also.
The thing that impressed me, she went on down to her home and went to school that year and the next year, and had no trouble. She attended all classes. She took all of her calisthenics or exercise as required by the school. She did everything that every other student did.
Then she got in the leadership of Mr. Sellers. Then she had her lawsuit. That's the truth about this lawsuit, Mr. Sellers; and you tried the case, you tried it well.
But I am convinced that the verdict to a great extent was sympathetic. It was not based on reality and disability, or loss of earnings current or potential.
Dr. Stowell did say, if I remember right, from his last examination, that this alleged brain wave damage had healed or substantially healed and that it no longer constituted disability.
From all the facts and circumstances in this case, it will be the order of the Court that the plaintiff file a remittitur. I hope that you and the defendant's counsel can get together as to what the remittitur is, and I will approve it.

5. Actual damage is, of course, an essential element in a negligence action. Here damages are not presumed. See Restatement of the Law of Torts 2d § 328A.

6. Indeed, the plaintiff did not move for a new trial.

that the verdict was against the weight of the evidence. Failure to move for a directed verdict bars appellate review of the sufficiency of the evidence.[7]

325 F.2d at 985, 986.

See also Continental Baking Company v. Utah Pie Company, 349 F.2d 122 (10th Cir. 1965), and the cases there cited.

The obvious reason for this principle is that a reviewing court will not consider for the first time a party's contention that the verdict is not supported by the evidence. See Wells v. Rau, 393 F.2d 362, 129 U.S.App.D.C. 253 (D.C.Cir.1968). The issue must be first submitted to the trial court. We need not consider whether our ruling would be different in a plain error situation, see Centraal Stikstof Verkoopkanter, N. V. v. Walsh Steve. Co., 380 F.2d 523 (5th Cir. 1967), because a case of plain error is not presented.

The judgment of the district court is affirmed.

---

7. Citing Roberts v. Sawyer, 252 F.2d 286, 287 (10th Cir. 1958), and Fleming v. Lawson, 240 F.2d 119 (10th Cir. 1956).