930 F.2d 32
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Lisa CASON, Plaintiff-Appellant,
v.
Edward C. ROLFS, in his official capacity as Secretary of
Revenue of the State of Kansas, Mark Andrews, Director,
Personnel Services Bureau, Department of Revenue, State of
Kansas, John E. Gillen, State of Kansas, Defendants-Appellees.
 No. 90-3159.
 United States Court of Appeals, Tenth Circuit.
 April 4, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Lisa Cason appeals the district court judgment in her civil rights action against defendant supervisors in the Kansas Department of Revenue. She contends that she was fired from her position as a Liquor Control Investigator I on account of her race, in violation of 42 U.S.C. Secs. 1981 and 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e. The district court granted defendants' motion for directed verdict on Cason's Sec. 1981 claim. The Title VII and Sec. 1983 claims were simultaneously tried to the court and a jury, respectively. The jury returned a verdict for the defendants on the Sec. 1983 claim, and the district court found for the defendants under Title VII.
 
 
 3
 Cason challenges the sufficiency of the evidence to support the jury verdict on her Sec. 1983 claim. However, Cason made no motion for directed verdict at trial. "Failure to move for a directed verdict bars appellate review of the sufficiency of the evidence." Brown v. Poland, 325 F.2d 984, 985-86 (10th Cir.1963).
 
 
 4
 We therefore turn to Cason's challenge of the district court's finding that defendants did not discriminate against her in violation of Title VII. We will not set aside the district court's findings unless they are clearly erroneous. Fed.R.Civ.P. 56(a); Beck v. Quicktrip Corp., 708 F.2d 532, 535 (10th Cir.1983). The district court found that Cason's employment was terminated because a psychologist's evaluation of tests, which she was required to take as a condition of her employment, indicated that she was not suited for the particular position--a legitimate nondiscriminatory reason for terminating her. I R. tab 49. After reviewing the trial record, we do not conclude that the district court's findings were clearly erroneous.
 
 
 5
 Finally, we consider the district court's directed verdict on Cason's Sec. 1981 claim. The district court's reading of Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363 (1989), is consistent with our opinion in Trujillo v. Grand Junction Regionl Center, No. 89-1376, slip op. at 6-7 (10th Cir. Mar. 25. 1991), holding that Sec. 1981 does not provide a remedy for discriminatory discharge. We therefore AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3