999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John ORMAN and David Hrnjak, Plaintiffs-Appellees,
v.
STANDARD CONSTRUCTION AND REMODELING COMPANY; Edgar D.
Pyle, Defendants-Appellants.
 No. 92-6323.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants appeal "the Order of the Court entered upon a jury verdict." They contend that there was insufficient evidence to support (1) the verdict against Edgar Pyle and (2) the amount of damages awarded by the jury. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Although defendants moved for a directed verdict, they did not move for judgment notwithstanding the verdict ("JNOV") or for a new trial. Because we have no authority to order JNOV ourselves, we review the denial of the directed verdict motion[1] to determine whether the appellant is entitled to a new trial. See Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1334 (10th Cir.1984); Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1021-22 (11th Cir.1982). Our review of the record demonstrates that there was sufficient evidence to support the verdict both as to Pyle's liability and as to damages. We therefore AFFIRM the denial of defendants' directed verdict motion. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In the absence of a motion for a directed verdict, we cannot review the sufficiency of the evidence. See Brown v. Poland, 325 F.2d 984, 985-86 (10th Cir.1963). Here, although defendants moved for directed verdict at the close of plaintiffs' case, there is no evidence in the transcript that they renewed the motion at the close of all the evidence. In this circuit, "a motion for 'directed verdict made by a defendant at the conclusion of plaintiff's main case is waived by proceeding to submit his evidence to the jury unless renewed at the close of the case.' " Anderson v. Phillips Petroleum Co., 861 F.2d 631, 634 (10th Cir.1988) (quoting Fleming v. Lawson, 240 F.2d 119, 120 (10th Cir.1956). Nevertheless, because the courtroom minutes indicate that the motion was renewed at the close of the case, we will review the sufficiency of the evidence on the chance that the transcript, and not the minutes, is in error