33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Calvin SLABAUGH and Mary Slabaugh, as Parents and Next
Friend of Amber Angeline Slabaugh, a minor child,
Plaintiffs-Appellants,
v.
Dr. Richard S. RIDLON, M.D., Defendant-Appellee.
 No. 93-7073.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before LOGAN, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and BROWN, Senior District Judge.[2]
 
 
 2
 This case was originally set for oral argument. However, prior to oral argument counsel for appellants moved to submit the case to the panel without oral argument. Counsel for the appellee advised the court that he had no objection to submitting the case on the briefs. Thereafter, this panel examined the briefs and appellate record and determined that oral argument would not materially assist the determination of this appeal. The cause is therefore submitted without oral argument. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9.
 
 
 3
 Plaintiffs sued defendant for medical malpractice. A jury returned a verdict in favor of the defendant. Plaintiffs appeal the judgment entered thereon.
 
 
 4
 On appeal, the plaintiffs raise a single issue: "The jury ignored or rejected the expert testimony of all the expert witnesses and therefore returned an erroneous verdict." We deem this to be a challenge to the sufficiency of the evidence to support the jury's verdict for the defendant. The relief sought by plaintiffs is a reversal and a new trial.
 
 
 5
 At the outset, defendant asserts that a party who, in the trial court, does not move at the close of all the evidence for judgment as a matter of law (formerly referred to as a motion for directed verdict) cannot, on appeal, challenge the sufficiency of the evidence to support the jury's verdict. In support of this argument, defendant cites to First Sec. Bank of Beaver, Okl. v. Taylor, 964 F.2d 1053, 1057 (10th Cir.1992); Cleveland v. Piper Aircraft Corp., 890 F.2d 1540, 1551 (10th Cir.1989); Karns v. Emerson Elec. Co., 817 F.2d 1452, 1455 (10th Cir.1987); Ingram v. Hallman, 330 F.2d 453, 454 (10th Cir.1964); and Fleming v. Lawson, 240 F.2d 119, 121 (10th Cir.1956). See also Fed.R.Civ.P. 50 and 59; 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 2536 (1971).[3]
 
 
 6
 The foregoing rule is apparently subject to the plain error exception. In Piper Aircraft Corp., 890 F.2d at 1551, after stating the general rule set forth above, this Court cited with approval the Ninth Circuit case of Cabrales v. County of Los Angeles, 864 F.2d 1454, 1459 (9th Cir.1988) which recognized an exception to the general rule, "where there is such plain error apparent on the face of the record that failure to review would result in a manifest miscarriage of justice...." So, we examine the record to determine whether there is plain error. If there be none, plaintiffs may not challenge the sufficiency of the evidence to support the jury's verdict.
 
 
 7
 As indicated, this is a medical malpractice case. Calvin and Mary Slabaugh, husband and wife, as parents and next friend of Amber Angeline Slabaugh, their minor child, brought suit against Dr. Richard S. Ridlon, M.D., in the United States District Court for the Eastern District of Oklahoma. Jurisdiction was based on diversity of citizenship, the Slabaughs being residents and citizens of Oklahoma, and Dr. Ridlon being a resident and citizen of Arkansas. 28 U.S.C. 1291 (1989).
 
 
 8
 Without getting into unnecessary detail, the gist of the complaint was that in Dr. Slabaugh's prenatal care of Mary Slabaugh and in his delivery of Amber Slabaugh, Dr. Ridlon was negligent in that his actions were below the accepted standard of medical care for the community in which he practiced. By answer, Dr. Ridlon denied any negligence. Trial was to a jury, which returned a verdict in favor of Dr. Ridlon. The Slabaughs appeal the judgment entered thereon.
 
 
 9
 The single issue sought to be raised on appeal is that the evidence does not support the verdict, and, indeed, is contrary thereto. The Slabaughs called as an expert witness a Dr. Cameron, who testified, in so many words, that in prenatal treatment of Mary Slabaugh, and in delivery of Amber, Dr. Ridlon was negligent. Dr. Ridlon testified in his own behalf and stated, as we read his testimony, that he was not negligent either in his prenatal treatment of Mary Slabaugh or in his delivery of Amber. Most certainly, he did not admit negligence.
 
 
 10
 Also, defense counsel called as an expert witness a Dr. Matthews, who testified that in his opinion Dr. Ridlon's prenatal treatment of Mary Slabaugh and his delivery of Amber met the accepted standard of medical care in the community in which he practiced as of 1986, the year Amber was born.
 
 
 11
 Both Dr. Cameron and Dr. Matthews were cross-examined. There were, of course, areas of agreement between them. Laying aside Dr. Ridlon's testimony, the only testimony bearing on the issue of Dr. Ridlon's negligence came from Drs. Cameron and Matthews.
 
 
 12
 The complete trial transcript is not before us on appeal. However, in their respective appendices, counsel have set forth the particular testimony they rely on. We have read the appendices, and suffice it to say, we are convinced that the jury's verdict is supported by the record to the end that the Slabaughs are not entitled to a second trial of the matter. This is but an instance where each party had his own expert witness, one testifying as to the defendant's negligence, and the other testifying that there was no negligence on the part of the defendant.[4] This is a classic example of a disputed issue of fact to be decided by a jury. The jury has now decided the question, and we, as an appellate court, should not disturb its finding.
 
 
 13
 Finding no plain error, we affirm on the ground that plaintiffs are precluded from challenging on appeal the sufficiency of the evidence.
 
 
 14
 Judgment affirmed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation
 
 
 [3]
 It appears from these cases that this rule is most frequently applied to a defendant who, on appeal, challenges the sufficiency of the evidence, but did not move in the trial court for judgment as a matter of law at the close of all the evidence. However, in First Security Bank of Beaver, Oklahoma v. Taylor, supra, the rule was applied to a plaintiff, who, on appeal, argued that the trial court erred in not granting a directed verdict for the plaintiff on its claim against the defendant where, although the plaintiff had at the close of all the evidence moved for a directed verdict, had not stated the "specific grounds therefor" as required by the then Fed.R.Civ.P. 50(a)
 
 
 [4]
 We reject the suggestion that in reality Dr. Matthews' testimony was to the effect that Dr. Ridlon was negligent