**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DUNLOP TIRE CORPORATION,

      Plaintiff-Appellant,

v.

I.M.E. OF MIAMI, INC.,

      Defendant-Appellee.

No. 00-5007
(D.C. No. 98-CV-456-H(E))
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Dunlop Tire Corporation appeals from an order of the district court denying its motion for a new trial. We reverse and remand.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In February 1997, Dunlop contracted with I.M.E. to rebuild a tire press Dunlop planned to use on a new production line. The contracted delivery date was June 23, 1997. On May 20, I.M.E. notified Dunlop it was anticipating delays in the delivery of necessary parts. Although remaining optimistic that it could complete the project on time, I.M.E. requested a later delivery date. On June 19, Dunlop sent I.M.E. a letter invoking the penalty clause of the contract as of June 27, but giving I.M.E. until July 12 to complete the project. [1] On July 1, 1997, Dunlop terminated the contract in anticipation of I.M.E.'s inability to meet the July 12 completion date. Dunlop obtained possession of the press and hired another company to complete the project.

Dunlop then commenced this action seeking the costs it incurred to have the job completed, as well as liquidated damages. I.M.E. counterclaimed for the work it had completed but for which it was not paid. The case was tried to a jury, which found for I.M.E. Dunlop moved for a new trial on the ground that the jury ignored the overwhelming weight of the evidence and based its verdict on sympathy, prejudice or issues not before it. The court denied the motion and Dunlop appeals.

---

[1] The district court held that this letter constituted a novation of the contract setting a new delivery date of July 12. Neither party challenges this legal determination.

On appeal, Dunlop argues the district court erred in not granting its motion for a new trial. Dunlop asserts that in order to find for I.M.E., the jury had to determine that Dunlop was the sole cause of I.M.E.'s failure to complete the contract on time. Dunlop maintains the evidence shows that it was not responsible for I.M.E.'s delay.

We review the trial court's denial of a motion for a new trial on the ground that the jury's verdict is against the weight of the evidence for "a manifest abuse of discretion." Blanke v. Alexander, 152 F.3d 1224, 1235 (10th Cir. 1998); see also Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 433 (1996) (federal trial judge has "discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the evidence."). We will hold that the district court abused its discretion in denying a motion for a new trial where "the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence." Black v. Hieb's Enter., Inc., 805 F.2d 360, 363 (10th Cir. 1986).

## Relevant Instructions

Each party asserted the other was in breach of the contract. [2] See

Appellant's App. at 55, 56. The jury instructions outlined the competing claims

in some detail. Dunlop's cause of action was explained as follows:

> Dunlop claims that it is entitled to damages from I.M.E. due to breach of contract, because I.M.E. failed to deliver the tire press to Dunlop as provided in their agreement. Dunlop further claims that as a result, it cancelled its contract with I.M.E. in accordance with the terms of the agreement.
>
> Dunlop claims that it was justified in cancelling the contract with I.M.E. once it concluded that the Defendant was unable to meet the July 12, 1997 completion date. *If you find that Dunlop's conduct was not the sole cause of I.M.E.'s inability to meet the July 12 deadline*, and that it was reasonable for Dunlop to conclude that the equipment could not be completed by July 12, *then you must find for Dunlop*.

Id. at 57 (emphasis added).

I.M.E.'s counterclaim was then explained:

> I.M.E. claims that it is entitled to damages from Dunlop due to breach of contract. In particular, I.M.E. claims that Dunlop breached the implied covenant of good faith and fair dealing in the contract. . . . This covenant embodies an implicit understanding that neither party will intentionally do anything to prevent the other party from carrying out its part of the agreement.

---

[2] The jury instructions stated: "A contract is breached or broken when a party does not do what it promised to do in the contract. When one party has breached a contract, subsequent failure of the other party to do what it promised under the contract does not constitute a breach." Appellant's App. at 58.

-4-

In this case, I.M.E. claims that Dunlop's conduct was such as to interfere with I.M.E.'s ability to complete the contract in a timely manner. *If you find that the [sic] Dunlop's conduct was the sole cause of I.M.E.'s delay, then you must find in favor of I.M.E.*

Id. at 56 (emphasis added).

As the emphasized passages in the instructions reflect, Dunlop's cause of action turned on negating the very premise of I.M.E.'s counterclaim, i.e., that Dunlop's conduct was the sole cause of I.M.E.'s inability to perform on time. In light of this overlap, the parties agreed to reverse the usual order of deliberations. Consequently, the jury was instructed that "[b]ecause of the way the law applies to the facts of this case, it is necessary for you to decide I.M.E.'s [counter]claim first." Id. at 55.

**Evidence**

Evidence was adduced at trial that, at least facially, supported I.M.E.'s basic allegation that Dunlop had breached the contract. Specifically, Dunlop had been late paying I.M.E. a substantial interim invoice, had been late in providing necessary approval of certain items (though Dunlop offered evidence in excuse of this delay), and had terminated the contract prior to the completion date of July 12. Indeed, this evidence appears to be the focus of the district court's order denying Dunlop's motion for new trial, in which the court stated "that there was sufficient evidence adduced at trial to support the jury's conclusion that Dunlop

breached the contract. Therefore, the Court concludes that this is not an exceptional case in which the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence." Id. at 114.

However, I.M.E.'s counterclaim and defense to Dunlop's cause of action, *as outlined in the instructions*, clearly required more than a mere breach by Dunlop. I.M.E. had to prove that Dunlop's conduct had been the *sole cause* of I.M.E.'s failure to complete its performance in a timely manner. On this critical point, even I.M.E. had indicated that its inability to meet the contract completion date was caused, rather, by the delay of several of its vendors in providing necessary parts. Indeed, I.M.E.'s vice president and general manager expressly admitted that no part of the problem it "had in getting the press done was [Dunlop's] fault." Id. at 236.

We therefore conclude that the verdict rendered in favor of I.M.E. was against the overwhelming weight of the evidence. Under the authorities cited above, the denial of Dunlop's motion for new trial should be reversed and the case remanded for a new trial.

### Waiver Arguments

I.M.E. attempts to forestall a new trial by arguing that Dunlop waived the evidentiary deficiency (1) by failing to move for judgment as a matter of law at the close of the case, and (2) by approving a verdict form which permitted the

jury to find in I.M.E.'s favor on all claims without ever determining whether Dunlop's alleged breach was the sole cause of I.M.E.'s own nonperformance.

With regard to I.M.E.'s first argument, Dunlop's motion for new trial under Fed. R. Civ. P. 59(a) must be distinguished from a post-trial motion for judgment as a matter of law (JMOL) under Fed. R. Civ. P. 50(b). The rules serve different purposes, implicate different substantive standards and standards of review, and involve different procedures. See generally 12 James Wm. Moore et al., Moore's Federal Practice § 59.05[5] (3d ed. 2000). Most importantly for present concerns, while the failure to move for JMOL at the close of the evidence bars subsequent challenges to its legal sufficiency, there is no such prerequisite to a post-trial motion for new trial on the ground that the jury's verdict is against the weight of the evidence, see, e.g., Ketchum v. Nall, 425 F.2d 242, 243 (10th Cir. 1970); Brown v. Poland, 325 F.2d 984, 985-86 (10th Cir. 1963).

Regarding the second waiver contention, a party may, by acquiescence, waive objections to a verdict form that "did not contain causes of action [it] had alleged." Kloepfer v. Honda Motor Co., 898 F.2d 1452, 1455 (10th Cir. 1990). And the unchallenged form in this case, *viewed in isolation*, could have permitted the jury to find against Dunlop on all claims simply by determining that it had breached the contract, without ever deciding the critical "sole cause" element:

    1.    Has I.M.E. . . . proven by a preponderance of the evidence that Dunlop . . . *breached the contract*?"

Yes   ___
No    ___

**If the answer to number 1 is 'no', please skip number 2 and go to number 3.** *If your answer to Number 1 is "Yes", please proceed to Number 2.*

2.     We find that I.M.E. has sustained damages for breach of contract in the amount of $_____.

***If you have filled out Number 2, you are finished*** . **Please sign and date this form below.** ***Do not complete Numbers 3 and 4*** *[which relate to Dunlop's cause of action for breach]* .

Appellant's App. at 66-67 (italics added for emphasis).

The flaw in I.M.E.'s waiver argument, however, is that verdict forms are not to be viewed in isolation. On the contrary, arguably incomplete verdict forms "must be construed in light of the totality of the surrounding circumstances, including the court's instructions." Putnam Resources v. Pateman , 958 F.2d 448, 455 (1st Cir. 1992); see, e.g. , Sanjuan v. IBP, Inc. , 160 F.3d 1291, 1301 (10th Cir. 1998); Webb v. ABF Freight Sys., Inc. , 155 F.3d 1230, 1249 (10th Cir. 1998). As explained above, the jury was instructed at length on the elements of the parties' claims and the proper procedure for their resolution. Thus, while the bare-bones verdict form was perhaps inartfully crafted, the overall charge given to the jury properly put before it the "sole cause" issue that was the focus of Dunlop's new trial motion. We therefore reject I.M.E.'s contention that by

-8-

acquiescing in the verdict form Dunlop somehow waived the deficiency in I.M.E.'s proof on that issue.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED for a new trial. [3]

Entered for the Court


Michael R. Murphy
Circuit Judge

---

[3]     As discussed above, we have before us only the question whether the verdict was against the weight of the evidence. "Ordering a new trial is therefore the only relief available on appeal." Walker v. AT&T Techs., 995 F.2d 846, 848 (8th Cir. 1993).